IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID W. CHANDLER                                                                        PLAINTIFF

vs.                                           Civil No. 4:10-cv-04107

MICHAEL J. ASTRUE                                                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

David Chandler ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 4.[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed an application for DIB on January 17, 2008.  (Tr. 10, 78-80).

Plaintiff alleged he was disabled due to ruptured discs in his back.  (Tr. 100).  Plaintiff alleged an

onset date of October 30, 2007.  (Tr. 100).  This application was denied initially and again upon

reconsideration.  (Tr. 44-46, 51-52).  Thereafter, Plaintiff requested an administrative hearing on his

application, and this hearing request was granted.  (Tr. 53-54).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

Plaintiff's administrative hearing was held on May 6, 2009, via video conference in Little Rock, Arkansas and Texarkana, Arkansas.  (Tr. 18-41).  Plaintiff was present and was represented by counsel, Jim Wyly, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE")William Elmore, testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 21, 23).

On August 6, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 10-17).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 30, 2007, his alleged onset date.  (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairment of recurrent herniated nucleus pulposus of the lumbar spine. (Tr. 12, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-15, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the full range of sedentary work.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr.16, Finding 6).  The ALJ determined Plaintiff's PRW included work as a mixing operator and mill operator in a tire factory. (Tr. 16).  Based upon his RFC, the ALJ determined Plaintiff would be unable to perform this PRW.

*Id.*

The ALJ then used Medical-Vocational Guidelines Rule 201.28 to reach a conclusion of "not

disabled," based on Plaintiff's age, education, vocational background, and residual functional

capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.27. (Tr. 16, Finding 10). The ALJ then

determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the

date of his decision. (Tr. 16, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.

(Tr. 4-6). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable

decision. (Tr. 1-3). On July 21, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties

consented to the jurisdiction of this Court on July 23, 2010. ECF No. 4. Both Parties have filed

appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 7 at 1-6.  Specifically, Plaintiff claims the ALJ erred (1) by failing to find Plaintiff's impairments met or equaled a Listing, (2) in evaluating his RFC, and (3) in evaluating his subjective complaints.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 8.

#### A. Listings

The ALJ must determine whether  Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities.  A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations.  These impairments included recurrent herniated nucleus pulposus of the lumbar spine.  (Tr. 12, Finding 3).  However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments.  *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the  Listing of Impairments.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  Plaintiff has not met this burden.

Plaintiff initially alleges he has a listed impairment and sets forth several diagnoses that appear throughout the record.  ECF No. 7, pgs. 3-4.  A diagnosis of an impairment is not disabling

*per se*.  There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs.  *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

In fact, Plaintiff fails to allege a specific Listing that his condition meets.  The Eight Circuit in *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005), rejected a claimant's "conclusory assertion" that ALJ failed to consider whether the claimant met listings 12.02 or 12.05C because the claimant provided no analysis of the relevant law or facts regarding these listings.  In this matter, Plaintiff has failed to show that he meets or equals a listed impairment and he has failed to satisfy his burden of proof.

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

### B. RFC

Plaintiff claims substantial evidence does not support the ALJ's RFC determination that he can perform the full range of sedentary work.  Defendant argues the ALJ properly determined the Plaintiff's RFC.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed

6

RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).   Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

On March 22, 2002, Plaintiff underwent an L4-5 hemilaminectomy.  (Tr. 141, 244).   The record evidence shows this surgery was successful in alleviating Plaintiff's symptoms for several years. (Tr. 244).  Plaintiff re-injured his back, and sustained another disc herniation at L4-5 on the left.   (Tr. 140).   On October 31, 2007, Plaintiff underwent a left L4-5 hemilaminectomy, foramintomy, and diskectomy, with removal of a large recurrent disk.  (Tr. 167, 220-221).  Dr. Freddie L. Contreras discharged Plaintiff in stable condition and  instructed Plaintiff to lift no more than ten pounds, and not to engage in any bending, stooping, or twisting.  (Tr. 168).

On November 26, 2007 Plaintiff returned to see Dr. Contreras.  (Tr. 244).  At that time Plaintiff was not having any pain and not taking any pain medications. (Tr. 244).  Dr. Contreras indicated Plaintiff would no longer be able to work lifting heavy tires at the plant, but encouraged Plaintiff to engage in a walking program. (Tr. 244).  Dr. Contreras instructed Plaintiff to slightly increase his activities, and to keep his lifting between ten and fifteen pounds.  (Tr. 244).

Plaintiff returned to Dr. Contreras' office on February 4, 2008 and stated he had been walking a mile and a half every day, except for when it was cold outside.  (Tr. 240).  Plaintiff also indicated that he was contemplating work.  (Tr. 240).  On April 3, 2008 Plaintiff told Sherry Missildine, R.N.,

(a nurse in the office of Dr. Contreras) that there was a lighter job available at the tire plant doing some clipboard work and washing the forklifts that he was going to apply for. (Tr. 271). Ms. Missildine gave Plaintiff her approval to apply for the job, and noted that it was "just tire building" that Plaintiff was incapable of performing. (Tr. 271).

Additional support of Plaintiff's RFC is found in the Physical RFC Assessment performed by Dr. Alice M. Davidson on April 14, 2008. (Tr. 276-283). Dr. Davidson stated Plaintiff was capable of performing at least light work. (Tr. 277). This is greater work activity than that the ALJ determined that Plaintiff could perform which was the full range of sedentary work. (Tr. 16, Finding No. 10).

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Credibility Determination

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ addressed the factors from *Polaski* and stated

9

inconsistencies between Plaintiff's testimony and the record.  (Tr. 14-15).  Specifically, the ALJ

noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged

disabling pain, (2) Plaintiff's described activities of daily living are not that limited, (3) No physician

has placed a level of limitation as described by Plaintiff, (4) Plaintiff received no aggressive medical

treatment following his surgical intervention, and (5) Plaintiff did not use extensive pain medication

after initial recovery.  (Tr. 14-15).

These findings are valid reasons supporting the ALJ's credibility determination, and this

Court finds the ALJ's credibility determination is supported by substantial evidence and should be

affirmed.  *See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff's

subjective complaints of pain.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **29ᵗʰ day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE